**UNITED STATES of America**

v.

**Tony OLIVE.**

**No. 3:94CR00016–01.**

United States District Court,
N.D. Indiana,
South Bend.

March 17, 1995.

David B. Weisman, Mishawaka, IN, for Tony Olive.

Michael A. Thill, Sr., United States Attorneys Office, Dyer, IN, for U.S.

### *SENTENCING MEMORANDUM*

ALLEN SHARP, Chief Judge.

### I.  Procedural History

The defendant, Tony Olive, was charged in two indictments returned by a grand jury in this district on October 7, 1993. On March 14, 1994, the government filed a two count criminal information against the defendant, charging him with travel in interstate commerce to facilitate an unlawful activity, to wit: distribution of cocaine base in violation of 18 U.S.C. § 1952 and 2. Defendant entered a plea of guilty to the two count criminal information.

Since the offense occurred after November 1, 1987, the Sentencing Reform Act of 1984 and the United States Sentencing Commission Guidelines (Guidelines) apply to this sen-

tencing, pursuant to *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1986). The 1990 edition of the Guidelines have been used, as they were found less onerous than the edition in effect at sentencing.

## II. The Presentence Report

The defendant, defense counsel, and the government have reviewed the presentence report, as has the court. The government has no objections to the presentence report. The defendant objects to the presentence report in that he should receive jail credit for his incarceration between October 4, 1991 and December 30, 1991. Additionally, he has objected to the calculation of his base offense level because he alleges that cocaine base and cocaine hydrochloride are the same substance. All other paragraphs of the presentence report not specifically addressed are adopted by the court as findings of fact and states of reason for imposition of sentence in this case.

## III. The Plea Agreement

The defendant and the government have entered into a plea agreement which provides that the defendant is to receive no more than 10 years, the maximum statutory sentence. Further, the government agrees that the defendant has accepted responsibility for his conduct.

## IV. The Defendant's Offense Level

■ The defendant's base offense for a violation of 18 U.S.C. § 1952 under U.S.S.G. § 2E1.2(a)(2) is determined by the offense level for the underlying crime. The offense level for the underlying crime of trafficking of between 1.5 and 5 kilograms of cocaine base is established by U.S.S.G. § 2D1.1(a)(3) and (c)(3) is 38. In reference to the crack cocaine/cocaine base offense level issue, this court has carefully read the transcript of the evidentiary hearing in *United States v. Davis and Jones*, No. 93–CR–234–1 (N.D.Ga. May 31–June 1, 1994), as well as Judge Forrester's opinion in that case. *United States v. Davis and Jones*, 864 F.Supp. 1303 (N.D.Ga. 1994). This court notes, however, that the Court of Appeals for the Eleventh Circuit has instructed its courts to use the "scientific meaning" of crack cocaine. *United States v.*

*Rodriguez*, 980 F.2d 1375, 1377–78 (11th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3003, 125 L.Ed.2d 695 (1993). The Seventh Circuit has made no such instruction, but rather has made it clear, at least to this court, that crack cocaine is to be considered cocaine base in this Circuit. *See, United States v. Lawrence*, 951 F.2d 751 (7th Cir. 1991).

■ This court has also read the Executive Summary of the Sentencing Commission's "Special Report on Cocaine and Federal Sentencing Policy," which was submitted to Congress on February 28, 1995. While the report suggests that Congress should revisit the cocaine and cocaine base penalty structure, the report is not binding either on Congress or on this court. When and if Congress changes the penalty structure, this defendant may want to petition this court for resentencing. However, no promises are here made. Until that time, however, this court will follow the Guidelines as enacted.

This court agrees with the probation department, and the government and defendant do not contest, that a three-level increase is required under U.S.S.G. § 3B1.1(b) because the defendant was a supervisor in the conspiracy. Therefore, his adjusted offense level is increased to 41. The defendant has demonstrated that he is entitled to a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Thus the defendant's total offense level is 39. The defendant has zero criminal history points, so his criminal history category is I.

## V. The Defendant's Sentence

■ With a total offense level of 39 and a criminal history of I, the applicable Guideline range for imprisonment is 262–327 months. The plea agreement, however, caps defendant's sentence to the statutory maximum of 10 years, or 120 months. Thus, this court sentences the defendant to a term of 10 years in prison. The defendant shall receive jail credit for time served since his detention on October 19, 1993, and for his detention from October 4, 1991 to December 30, 1991. Following his release, the defendant shall be on supervised release for a period of three years, pursuant to U.S.S.G. § 5D1.2(a). The

conditions of supervised release shall include the thirteen standard conditions as listed under U.S.S.G. § 5B1.4. The court finds that this sentence sufficiently punishes this defendant for his criminal conduct and therefore satisfies the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

The applicable fine range under U.S.S.G. § 5E1.2(c)(3) is from $25,000 to $250,000. Based on the defendant's financial information, the court imposes no fine. The court must and does assess a special assessment fee of $100.00.

The clerk shall prepare judgment.

**IT IS SO ORDERED.**